IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. BRIDGET MCGINLEY, | : Case No. 3:22-cv-00121 |
| Plaintiff/Relator, | : District Judge Thomas M. Rose |
| vs. | : Magistrate Judge Caroline H. Gentry |
| DAYTON CHILDREN'S HOSPITAL, | : |
| Defendant. | : |

## OPINION AND ORDER

This *qui tam* case is before the Court on separate motions by Plaintiff's attorneys, Robert Croskery and Glenn Feagan, to withdraw as her attorneys of record and stay this matter for 90 days so that she can retain new counsel. Mr. Croskery seeks to withdraw because irreconcilable differences have arisen between him and his client. (Motion to Withdraw, ECF No. 10 at 3, PageID 109.) Mr. Feagan seeks to withdraw because Plaintiff terminated him and his law firm as her counsel. (Motion to Withdraw, ECF No. 13 at 2, PageID 122.) This Court discussed the Motions with Plaintiff and Mr. Croskery during a videoconference held on February 8, 2023.

The Court grants in part, and denies in part, the Motions to Withdraw. For good cause shown, the Court GRANTS both counsels' request to withdraw from representing Plaintiff in this action. The Court cautions Plaintiff that she is not permitted to prosecute this *qui tam* case without the assistance of counsel. *See Stephens v. Nat'l City Corp.*, No. 20-3746, 2021 U.S. App. LEXIS 17799, *11 (6th Cir. June 14, 2021) ("[A] plaintiff

1

proceeding *pro se* cannot bring a *qui tam* claim under the False Claims Act on behalf of the government."). Plaintiff must retain counsel if she wishes to pursue this action.

The Court DENIES counsels' request for a 90-day stay of the proceedings. Plaintiff filed this case under seal nearly one year ago. The Government recently notified the Court and the parties that it declines to intervene at this time. (ECF No. 12.) The Court promptly directed the Clerk to unseal the Complaint and certain other filings and ordered Plaintiff to serve the Complaint upon Defendant. (ECF No. 13.) This case is just beginning because it was already delayed for twelve months. It would not be prudent to delay it for an additional three months. Nor would it be necessary, as district courts in the Southern District of Ohio typically grant parties only thirty days to retain new counsel.

Therefore, the Court will stay this case for thirty days to allow Plaintiff time to retain new counsel. Plaintiff is directed to attend a telephone status conference with her new counsel on March 13, 2023 at 10:00 a.m. **Plaintiff is warned that a failure to attend this status conference with her new counsel may result in a recommendation to dismiss this action for failure to prosecute.**

In sum, the Court GRANTS IN PART and DENIES IN PART the Motions to Withdraw filed by Attorney Croskery (ECF No. 10) and Attorney Feagan (ECF No. 13). The Motions are GRANTED with regard to the request to withdraw as attorneys of record for Plaintiff. The Motions are DENIED with regard to the request for a 90-day stay. The Court instead STAYS the proceedings for thirty days to give Plaintiff time to retain new counsel. **Plaintiff is expressly warned that a failure to retain counsel prior to the March 13, 2023 status conference may lead to the dismissal of this action.**

**IT IS SO ORDERED.**

                                                     */s/ Caroline H. Gentry*
                                                     Caroline H. Gentry
                                                     United States Magistrate Judge

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.