**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES *ex rel.*, BRIDGET MCGINLEY, <br><br> Plaintiff/Relator, <br><br> v. <br><br> DAYTON CHILDREN'S HOSPITAL, <br><br> Defendant. | Case No. 3:22-cv-121 <br><br> District Judge Thomas M. Rose <br><br> Magistrate Judge Caroline H. Gentry |

**UNITED STATES' NOTICE OF**
**CONSENT TO VOLUNTARY DISMISSAL**

In response to Relator Bridget McGinley's Motion to Dismiss (ECF No. 16), and pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(1), the United States notifies the Court of its consent to Relator's requested voluntary dismissal of this *qui tam* action, without prejudice as to the United States. The United States consents to such dismissal because, under applicable law, Relator may not litigate this action *pro se*, and because dismissal of this action, without prejudice, is otherwise consistent with the interests of the United States.

The United States respectfully requests that the Court retain the seal post-dismissal on all filings not previously unsealed by the Court in its Order dated February 8, 2023 (ECF No. 14). Such filings remaining under seal include applications for extensions of the seal and motions to partially lift the seal that discussed the content and extent of the United States' investigation. The United

States has a significant interest in preserving the secrecy of its investigations into false claims against the government. *American Civil Liberties Union v. Holder*, 652 F. Supp. 2d 654, 666 (E.D. Va. 2009). The *qui tam* provisions of the False Claims Act provide a procedure for the United States to report to the Court about the status of its investigation in order to demonstrate that good cause exists to extend the intervention deadline. These motions are for the Court alone, and in fact, the False Claims Act specifically provides that they may be submitted *in camera*. 31 U.S.C. § 3730(b)(3). In discussing the status, activities, and extent of the United States' non-public investigation, including the United States' investigatory methods and processes, these submissions were provided under § 3730(b)(3) to the Court for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended. *See id*. § 3730(b)(2)-(3) (providing only for unsealing of the *in camera* complaint). Public disclosure of detailed information regarding the United States' non-public investigation in this matter would provide future investigatory targets information that such targets may use to conceal their unlawful conduct. The United States submits that such filings should therefore remain sealed.

      (Signature on following page)

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Matthew J. Horwitz
MATTHEW J. HORWITZ (0082381)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-6385
Matthew.Horwitz@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February 2023, a copy of the foregoing Notice was filed.  A service copy was served via regular mail to the following:

Bridget A. McGinley
1541 Sleepy Hollow Road, Apt. 5
Fort Wright, KY 41011

s/Matthew J. Horwitz
MATTHEW J. HORWITZ (0082381)
Assistant United States Attorney